# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN ONWUKA,** | ) | **Civil Action No. 7:11-cv-00485** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **KEEN MOUNTAIN CORR. CTR., et al.,** | ) | **By:   Hon. Michael F. Urbanski** |
| **Defendants.** | ) | **United States District Judge** |

John Onwuka, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Keen Mountain Correctional Center ("KMCC"); Unknown Dog Handlers; and R. C. Mathena, Warden of the KMCC. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in the attachments to his verified complaint. Officer Johnson told plaintiff that medical staff wanted him to go to the medical department. Plaintiff was surprised because he already took his evening medication, but he agreed to go. However, plaintiff wanted to be escorted there because it is a quarter mile away, but he could not find an escort. While plaintiff walked to the medical department, several Unknown K-9 Handlers had their dogs follow plaintiff across the yard. The dogs barked and jumped at him, allegedly by the handlers' orders issued through the leash. The dogs did not touch plaintiff.

When plaintiff arrived at the medical department, staff told him that they did not request him. Plaintiff was afraid to walk back to his pod by himself, so staff escorted him back. The dogs and their Unknown Handlers again followed plaintiff, and a correctional officer interrupted

his return trip while his escorts proceeded to the pod. Plaintiff was afraid, believing the correctional officers conspired to have the dogs maul him, and he ran back to his escorts despite a correctional officer's command to not run away. Plaintiff ran back to his pod without any incident. The next day, Officer Johnson refused to tell plaintiff which officer lied by saying plaintiff had to go to the medical department. Plaintiff requests as relief $10,000,000.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court

2

screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to describe any violation of a constitutional right. While the Eighth Amendment protects prisoners from cruel and unusual punishment, plaintiff did not suffer any punishment by the dogs following or barking at him. The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."). The law is clear that mere

"threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).  Plaintiff did not suffer any physical harm from the described events to state a constitutional claim or warrant damages.  See 42 U.S.C. § 1997e(e) (prohibiting damages for emotional injury without a physical injury).  Furthermore, plaintiff fails to allege any facts relevant to Mathena, and plaintiff cannot pursue a theory of respondeat superior against him via § 1983.  Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Moreover, the KMCC is not a person under § 1983.  See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning that a correctional facility is not an appropriate defendant to a § 1983 action).  Accordingly, plaintiff's complaint does not presently state a constitutional claim, and the complaint is dismissed without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  October 25, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

4